**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2498-18T3

JAMES PAUL CIPOLLA and
CHERYL CIPOLLA, his wife,

     Plaintiffs-Appellants,

v.

STATE OF NEW JERSEY,
RUTGERS, and THE STATE
UNIVERSITY OF NEW JERSEY-
NEW BRUNSWICK,

     Defendants-Respondents.

_____

Submitted November 7, 2019 – Decided November 27, 2019

Before Judges Nugent and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-8714-18.

Meyerson, Fox, Mancinelli & Conte, PA, attorneys for appellants (Robert J. Mancinelli and Matthew Michael Nicodemo, on the brief).

Norris McLaughlin, PA, attorneys for respondent Rutgers, The State University of New Jersey-New

Brunswick (Nicholas F. Pellitta and Annmarie Simeone, on the brief).

PER CURIAM

Plaintiffs James Paul Cipolla and Cheryl Cipolla appeal the January 25, 2019 order that dismissed their personal injury complaint for failure to file a tort claims notice with defendant, Rutgers, The State University, and denied their cross-motion to file notice out of time. The trial court properly exercised its discretion in entering these orders because plaintiffs did not show the "extraordinary circumstances" necessary to file a late tort claim notice under the Tort Claims Act ("TCA"). N.J.S.A. 59:1-1 to 59:12-3. Accordingly, we affirm the trial court's orders.

At about 6:00 a.m. on March 12, 2018, James Cipolla (plaintiff), a contractor, alleged that he slipped on ice while exiting his vehicle and fell, sustaining personal injuries.[1] An "Injury Report Form for Students or Public" was completed that same day by "Deana Pagnozzi."[2] The top of the form gave the name and address in New Brunswick of Rutgers' "Department of Risk

---

[1] He claimed his right shoulder was injured in the fall, requiring surgery, and that he has headaches since the accident.

[2] Her email address was at "Rutgers.edu." We do not know whether she was a Rutgers' employee.

A-2498-18T3

Management & Insurance."  The form reported that plaintiff was on campus for "construction work at the [Rutgers] Inn" when the accident occurred and was not taken to the doctor or hospital.  The form identified the cause of the accident as "[i]ce in the parking lot."  Police and emergency services were not contacted. There were no witnesses listed on the form.  Plaintiff did not sign the form nor did it identify his injury.  Pagnozzi emailed the form to plaintiff later that morning with the message that she had faxed it to "Risk Management."  Her email stated "[p]lease keep us posted on what you find out from the doctor."

Plaintiffs' counsel filed an "Initial Notice of Claim for Damages Against the State of New Jersey" on May 21, 2018, on a form addressed to the Tort and Contract Unit, Department of Treasury, Bureau of Risk Management in Trenton. Counsel did not file a tort claim notice with Rutgers.

Plaintiffs filed a complaint for personal injuries naming Rutgers as a defendant on December 12, 2018.  Rutgers quickly filed a motion to dismiss plaintiffs' complaint for failure to file a tort claim notice under the TCA. Plaintiffs filed a cross-motion under N.J.S.A. 59:8-9 for permission to file a late notice of tort claim, citing extraordinary circumstances.

The trial court granted Rutgers' motion and dismissed the complaint.  The court found that the only notice Rutgers received "was the accident report on the

date of the accident." Rutgers "did not timely receive, within [ninety] days, a notice of intent to sue." The court found the report did not comply with the TCA. Plaintiffs did not show extraordinary circumstances to file notice out of time. The court noted that attorney inadvertence did not constitute extraordinary circumstances. Rutgers did not receive notice that plaintiff had an intent to sue. The trial court also found the injury report did not constitute substantial compliance with the notice requirement because it did not include plaintiffs' intent to sue.

On appeal, plaintiffs allege the trial court erred by denying them permission to file a late tort claim notice. They claim they demonstrated extraordinary circumstances and that Rutgers would not be substantially prejudiced.

We review an order denying permission to file a late tort claim notice for extraordinary circumstances under an abuse of discretion standard and will sustain the order on appeal absent an abuse of discretion. O'Donnell v. N.J. Tpk. Auth., 236 N.J. 335, 344 (2019) (citing D.D. v. Univ. of Med. & Dentistry of N.J., 213 N.J. 130, 147 (2013)). "Although deference will ordinarily be given to the factual findings that undergird the trial court's decision, the court's conclusions will be overturned if they were reached under a misconception of

4

the law." D.D., 213 N.J. at 147 (2013) (citing McDade v. Siazon, 208 N.J. 463, 473-74 (2011)).

N.J.S.A. 59:8-8 requires a plaintiff to file a notice of claim upon a public entity "not later than the [ninetieth] day after accrual of the cause of action." McDade, 208 N.J. at 468 (quoting N.J.S.A. 59:8-8). Claimants "shall be forever barred from recovering against a public entity" if, among other things, the claimant "fail[s] to file the claim with the public entity within [ninety] days of accrual of the claim except as otherwise provided in N.J.S.A. 59:8-9 . . . ." N.J.S.A. 59:8-8(a). "The purpose of the ninety-day deadline is to 'compel a claimant to expose his intention and information early in the process in order to permit the public entity to undertake an investigation while witnesses are available and the facts are fresh.'" D.D., 213 N.J. at 146 (quoting Lutz v. Twp. of Gloucester, 153 N.J. Super. 461, 466 (App. Div. 1977)).

Under N.J.S.A. 59:8-9, a claimant can file a motion to submit a late notice of tort claim "within one year after the accrual of his claim," if there are "sufficient reasons constituting extraordinary circumstances" for the claimant's failure to timely file a notice of claim within the statutory ninety-day period, and if "the public entity . . . [is not] substantially prejudiced thereby." O'Donnell, 236 N.J. at 346 (emphasis omitted) (quoting N.J.S.A. 59:8-9). This

requires a "fact-sensitive analysis of the specific case." McDade, 208 N.J. at 478. "The 'extraordinary circumstances' language was added by amendment in 1994 . . . to 'raise the bar for the filing of late notice from a "fairly permissive standard" to a "more demanding" one.'" Leidy v. Cty. of Ocean, 398 N.J. Super. 449, 456 (App. Div. 2008) (citations omitted) (quoting Beauchamp v. Amedio, 164 N.J. 111, 118 (2000)). Extraordinary circumstances is examined "on a case-by-case basis . . . ." O'Donnell, 236 N.J. at 347 (quoting Rogers v. Cape May Cty. Office of Pub. Def., 208 N.J. 414, 428 (2011)).

In D.D., the Court held when "engaging in the analysis of extraordinary circumstances, the court's focus must be directed to the evidence that relates to plaintiff's circumstances as they were during the ninety-day time period, because that is the time during which the notice should have been filed." 213 N.J. at 151. Ignorance of the ninety-day requirement does not constitute extraordinary circumstances, nor does attorney inattention to the file. Id. at 156. Substantial compliance with the notice requirements is not extraordinary circumstances. In D.D., the Court stated "there is no basis to extend the substantial compliance theory so as to relieve plaintiffs of their obligation to comply with the statute's requirement that they file a notice, and that it be in writing." 213 N.J. at 159-60.

A-2498-18T3

In Ventola v. N.J. Veteran's Mem'l Home, 164 N.J. 74, 77 (2000), the Court found extraordinary circumstances to allow the late filing in a malpractice case where the physicians' status as a "private physician obscured his true status as a public employee." In Beauchamp, the Court allowed the filing of a late claim because there was "general confusion" about when a claim was to accrue and Beauchamp's attorney had misadvised her that her claim was premature. 164 N.J. at 122-23. In D.D., the Court noted that where "plaintiffs were thwarted in their efforts to comply with the ninety-day time frame because, through no fault of their own or of counsel, correct identification of the defendant as a public entity or public employee was not possible . . . [p]laintiffs were entitled to file a late notice of claim." 213 N.J. at 152-53.

Recently in O'Donnell, the Court found extraordinary circumstances on the "unique facts" of that case. 236 N.J. at 347. There, the claimant "quickly pursued her claims against the [New Jersey Turnpike Authority (NJTA)] in good faith[,]" identified the correct party that was responsible, completed a notice of tort claim, but her attorney served it on the State rather than the NJTA. Id. at 351-52. Another person, who also was injured in the accident, "served a timely notice of claim on the NJTA under N.J.S.A. 59:8-8, listing the exact circumstances surrounding the accident and the same theory of liability against

A-2498-18T3

the NJTA . . . ." Ibid. The plaintiff pursued the procedure for filing a late claim within one year of the accident. On those facts, the Court found "the legislative purposes of the Tort Claims Act have been satisfied and O'Donnell's untimely filing will not prejudice the NJTA . . . ." Ibid.

Plaintiffs rely on O'Donnell in this case to contend that the trial court erred in denying them permission to file a late claim. They contend the injury report that plaintiff filed with Rutgers identified him, gave his contact information, the location of the accident and the cause of the injury. Rutgers acknowledged this notice. Plaintiffs argue they had a "reasonable belief, based on the similarity of names between the State University, Rutgers, and its 'Department of Risk Management,' that [they] had served the correct public entity."[3]

In this case, the trial court did not abuse its discretion by denying plaintiffs' motion to file a late tort claim notice. We agree that plaintiffs did not demonstrate extraordinary circumstances as required by N.J.S.A. 59:8-9. There was no evidence that plaintiffs were "thwarted" by Rutgers in their efforts to identify the responsible party. D.D., 213 N.J. at 152-53. Plaintiff knew where he fell and submitted a report of injury. That report stated at the very top the

---

[3] Their attorney's certification did not provide this explanation although counsel did make this argument to the trial court. Plaintiffs did not submit a certification in support of their motion to file a late tort claim notice.

name of the Rutgers Department of Risk Management and Insurance as well as its address. Plaintiffs never explained to the trial court how they could file an injury report with the proper entity but not file the tort claim notice with the same entity.

This case is not similar to O'Donnell. The report of injury was not signed by plaintiff, did not identify his injuries and importantly, did not indicate that he had an intent to sue Rutgers. One of the purposes of the tort claims notice is "to inform the State 'in advance as to the indebtedness or liability that it may be expected to meet.'" McDade, 208 N.J. at 475-76 (quoting Beauchamp, 164 N.J. at 121-22). Rutgers had no notice it would be sued. A tort claim notice also is intended "to allow the public entity at least six months for administrative review with the opportunity to settle meritorious claims prior to the bringing of suit . . . ." Ibid. Rutgers could not meet this goal because it did not know the nature or extent of the injury from the injury report form, nor did it have the opportunity to try to settle the matter before it was sued because it was not advised it would be sued. Without notice of the claim, it also could not investigate it or try to correct conditions that might have caused the accident. Ibid. Therefore, we agree that the trial court properly exercised its discretion by denying plaintiffs'

motion because plaintiffs did not show extraordinary circumstances as required under N.J.S.A. 59:8-9 to file a late notice of tort claim.[4]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] Plaintiffs do not contend that they substantially complied with the TCA. We have no need to address that issue.

A-2498-18T3